UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SOUTH & WESTERN AGENCY, INC.,

               Plaintiff,

v.

FOREMOST INSURANCE CO.
OF GRAND RAPIDS, MICHIGAN,
FOREMOST COUNTY MUTUAL
INSURANCE CO., and FOREMOST
LLOYD'S OF TEXAS,

               Defendants.
_____/

Case No. 1:05-CV-852

Hon. Richard Alan Enslen

**<u>OPINION</u>**

      This matter is before the Court on Defendants Foremost Insurance Company of Grand Rapids, Michigan, Foremost County Mutual Insurance Company, and Foremost Lloyd's of Texas's Motion to Dismiss or, in the Alternative, for Summary Judgment. Plaintiff South & Western Agency, Inc. has opposed the Motion. Oral argument is unnecessary given the issues raised.

**<u>BACKGROUND</u>**

      Plaintiff filed with this Court on December 28, 2005, its Application and Motion for Partial Vacatur and Partial Confirmation of Arbitration Ruling. (Dkt. No. 1.) The Application refers to an arbitration award by three duly-appointed arbitrators. (Dkt. No. 1, ex. 1.) The award was made on September 19, 2005 in favor of Plaintiff and against Defendants in the amount of $300,000.00. (*Id.* at 4.) Arbitration was conducted because the parties were required by agreement to submit the matter to arbitration. (Dkt. No. 1, ex. 2 ¶ 11.) Plaintiff claims in its Application that the amount of damages determined was incorrect and the arbitrators should have determined damages in the

amount of $577,318.00 plus interest.  (Dkt. No. 1 ¶ 17(f) & n.1.)  The greater figure was not awarded

by the arbitration panel because it determined that such damages should be reduced due to Plaintiff's

delayed conduct and failure to mitigate damages.  (Dkt. No. 1, Ex. 1 at 3-4.)

     Plaintiff's Application is premised on the legal requirements of the Federal Arbitration Act,

9 U.S.C. §§ 1-16.  The Application mentions section 11, but confines its substantive claims to

conduct which authorizes relief under section 10 of the Act but does not authorize a modification

of the award.  (Dkt. No. 1 ¶¶ 16-17.)  The Application asserts a single *ad damnum* clause which asks

for a modification of the award to reflect the greater sum sought.  (*Id.* at 6.)

     Defendants then moved for dismissal or summary judgment on January 31, 2006.  The

Motion has been fully briefed by the parties.  It is not disputed that there is federal diversity

jurisdiction over the suit under 28 U.S.C. § 1332(a) since it involves citizens of different states and

the amount in controversy exceeds $75,000.  (Dkt. No. 1 ¶ 1.)

**<u>LEGAL STANDARDS</u>**

     Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint only

if it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S.

69, 73 (1984).  The allegations of a complaint must be construed in favor of the plaintiff.  *Scheuer*

*v. Rhodes*, 416 U.S. 232, 236 (1974).  The rules generally require only a "short and plain statement

of the claim" and not detailed allegations.  *Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168 (1993).  Nevertheless, the complaint "'must contain either

direct or inferential allegations respecting all the material elements to sustain a recovery under some

viable legal theory.'"  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)

2

(citation omitted.)  The Court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## LEGAL ANALYSIS

Defendants' Motion to Dismiss asks the Court for dismissal based on an Application that suggests relief which is inconsistent with the terms of sections 10 and 11 of the Federal Arbitration Act.  Plaintiff suggests by pleading section 10 violations that he is entitled to relief under section 11 of the Act, but then fails to plead a section 11 violation which would entitle him to section 11 relief. His *ad damnum* clause is clear and is limited to requesting section 11 relief–modification of the arbitration award to increase the amount of the award.  However, to obtain the section 11 relief sought, substantial modification of the award, Plaintiff must plead and prove that one of three statutory subsections, subsections (a) through (c) of section 11, apply.  *NCR Corp. v. Sac-Co., Inc.*, 43 F.3d 1076, 1080-81 (6th Cir. 1995).  In this case, there are no factual allegations suggesting that any one of the three subsections–(a) numerical miscalculation, (b) arbitration of matter not submitted to arbitrators, or (c) formal modification not affecting merits--apply.  As such, under section 11 and the Circuit's holding in *NCR*, this Court lacks authority to order the relief requested.  As such, Defendants are entitled to judgment as a matter of law.

Although the above analysis resolves the dispute, for the purpose of providing a more complete record for appeal, the Court also makes alternative findings.  Plaintiff has failed to respond to the portion of Defendants' motion seeking summary judgment under Rule 56.  This failure means that Plaintiff has not met its burden of proof under Rule 56 and Defendants are entitled to judgment as a matter of law on Plaintiff's claims.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  While Plaintiff has sought additional time

to more fully respond, it has failed to file a proper Rule 56(f) affidavit to support a delay in the resolution of the motion, *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990); *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995), nor has it otherwise established sufficient good cause for extension under Rule 6.  As such, in the absence of the dismissal of the claims under Rule 12(b)(6), summary judgment would be warranted under Rule 56.

## <u>CONCLUSION</u>

Judgment shall enter consistent with this Opinion granting Defendants' Motion and dismissing this suit with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

<table>
<tr><td></td><td> /s/ Richard Alan Enslen</td></tr>
<tr><td>DATED in Kalamazoo, MI:</td><td>RICHARD ALAN ENSLEN</td></tr>
<tr><td>   March 24, 2006</td><td>SENIOR UNITED STATES DISTRICT JUDGE</td></tr>
</table>

4