UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SOUTH & WESTERN AGENCY, INC.,

                Plaintiff,

Case No. 1:05-CV-852

v.

Hon. Richard Alan Enslen

FOREMOST INSURANCE CO.
OF GRAND RAPIDS, MICHIGAN;
FOREMOST COUNTY MUTUAL
INSURANCE CO., and FOREMOST
LLOYD'S OF TEXAS,

**ORDER**

                Defendants.
_____/

       Plaintiff South & Western Agency, Inc. has requested this Court to Alter or Amend the March 24, 2006 Judgment granting Defendants Foremost Insurance Company of Grand Rapids, Michigan; Foremost County Mutual Insurance Company, and Foremost Lloyd's of Texas's Motion to Dismiss. Oral argument is unnecessary in light of the briefing. *See* W.D. Mich. L. Civ. R. 7.3(d).

       Relief is sought pursuant to Federal Rule of Civil Procedure 59(e). Under the Rule, relief is warranted because of either: (1) an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) the necessity to correct a clear error of law or prevent a manifest injustice. *Keweenaw Bay Indian Cmty. v. United States,* 940 F. Supp., 1139, 1141 (W.D. Mich. 1996); *see also GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). Notwithstanding, the remedy is an extraordinary one, which is to be used sparingly. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In this context, an unexcused failure to timely present evidence is not a proper basis for relief. *Id.* Nor is the Rule to be used to

simply re-argue judgments on grounds previously considered. *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citing cases).

In this case, dismissal was warranted under Rule 12(b)(6) due to failure to plead a proper basis for relief.  The Rule 59(e) motion shows no intervening change of law, no clear mistake as to the Court's legal reasoning, nor any manifest injustice.  There is no "newly discovered" evidence which is pertinent to the Court's holding.  Relief is unwarranted under the Rule.

While relief is unwarranted, neither is the imposition of sanctions, including attorney fees, against Plaintiff's counsel–which is suggested by defense counsel in response.  The request for sanctions does not even suggest a purported legal basis for the assessment of sanctions.  (Resp. 5.) While the Court has such authority, pursuant to Rule 11 and its inherent authority, this is not a proper instance for the exercise of such authority.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff South & Western Agency, Inc.'s Motion to Alter or Amend (Dkt. No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Foremost Insurance Company of Grand Rapids, Michigan; Foremost County Mutual Insurance Company, and Foremost Lloyd's of Texas's Request for Sanctions (contained in their Response, Dkt. No. 24) is **DENIED**.

                                                     /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:              RICHARD ALAN ENSLEN
        May 19, 2006                            SENIOR UNITED STATES DISTRICT JUDGE